UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AUSTIN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-cv-03203-JBM |
| | ) | |
| SPRINGFIELD POLICE DEPARTMENT, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Graham Correctional Center, alleges violations of his Fourth Amendment rights prior to his detention and imprisonment. Plaintiff has been granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's Complaint (Doc. 1) and ruling on Plaintiff's Motion to Request Counsel (Doc. 4).

A. Merit Review

The court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory

statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that on May 25, 2022, in the parking lot of Saint John's hospital in Springfield, Officer John Doe told him to approach. Plaintiff asked what he did and began to step away. Officer Doe tased Plaintiff without warning. No charges were filed against Plaintiff, and he was released from jail about one hour later. Since the occurrence Plaintiff has suffered from chest pains, numbness in his extremities, and shortness of breath. He is currently seeking treatment for a possible heart condition and is receiving medical care for shortness of breath. He did not have these conditions prior to Officer Doe tasing him.

Plaintiff's allegations state a claim for excessive use of force in the seizure of Plaintiff, against Officer Doe. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."); *see also Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) ("Excessive force claims are reviewed under the Fourth Amendment's objective reasonableness standard."); *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005).

Plaintiff's allegations do not state a plausible claim against the City of Springfield or its Police Chief. Plaintiff does not make any allegations connecting these Defendants

to the alleged excessive force he suffered. The Court will continue naming Police Chief Kenneth Scarlette, in his official capacity, solely to respond to discovery to identify Defendant Doe.

B. <u>Motion to Request Counsel</u>

Plaintiff requests that the court appoint counsel on his behalf.

The court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it themselves. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022), citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

At the second step, the Court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, litigation experience, and intellectual capacity and psychological history (if information on those topics is before the court). *Watts*, 42 F.4th at 760.

As to the first step, Plaintiff has not established a reasonable attempt to secure counsel on his own. Before filing any renewed motion for assistance in obtaining counsel, Plaintiff must try to find counsel on his own. Typically, this is shown by attaching copies of letters sent to law firms, along with copies of responses received. Plaintiff indicates he has reached out to two attorneys. He does not indicate their area of practice or say if he received a response.

As to the second part of the inquiry: Plaintiff's claim is not factually difficult; he asserts he was subjected to an instance of unconstitutional use of force on a single occasion. The relevant facts are within his own knowledge; he can testify to what occurred. As to the legal difficulty of Plaintiff's claim, assuming, after discovery, a genuine issue of material fact exists as to these claims, a jury will need to determine if Defendant Doe's behavior was unlawful. This is not a legally complex claim.

Plaintiff appears to be literate and has good written communication skills. He reports attending some high school. Finally, at this stage of the case, the Court does not find the relative merit of Plaintiff's claim weighs either for or against the recruitment of counsel. The Court finds Plaintiff competent to litigate this case pro se, at this early stage of the proceedings.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff states a Fourth Amendment claim against Defendant Doe. The Court will maintain Defendant Chief Kenneth Scarlette to respond to discovery aimed to identify Defendant Doe. Any additional claims against any other Defendant shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Clerk to terminate all Defendants aside from Doe and Scarlette.**

**2.     Plaintiff's Motion for Appointment of Counsel [4] is DENIED.**

**3.     This case is now in the process of service. The plaintiff is to wait until counsel has appeared for the defendants before filing any motions, so defense counsel receives notice of such filings. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. A motion to dismiss is not an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this**

order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. This district uses electronic filing. After defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel motions and other papers that the plaintiff has filed. This does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 30th day of December, 2024.

*s/Joe Billy McDade*
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE
